1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10    MICHAEL ALLEN HAYES,

11                            Plaintiff,

12            v.

13    MARYSVILLE CITY JAIL,

14                            Defendant.

CASE NO. 2:21-cv-01477-RAJ-JRC

REPORT AND RECOMMENDATION

NOTED FOR:  **January 28, 2022**

15

16        The District Court has referred plaintiff's complaint to United States Magistrate Judge J.

17    Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and

18    local Magistrate Judge Rules MJR3 and MJR4. Plaintiff filed the complaint under 42 U.S.C. §

19    1983.

20        After plaintiff filed his complaint, mail from the Court was returned undeliverable.

21    Therefore, the Court ordered plaintiff to provide an updated address by January 10, 2022. To

22    date, plaintiff has not provided an updated address. So this case should be dismissed for failure to

23    prosecute.

24

REPORT AND RECOMMENDATION - 1

1

**BACKGROUND AND DISCUSSION**

2    On October 29, 2021, plaintiff filed his complaint. Dkt. 1. On November 1, 2021, the

3    Clerk sent plaintiff a letter stating that the filing of this case was deficient because petitioner did

4    not pay the filing fee or file a motion to proceed *in forma pauperis*. Dkt. 2. On November 8,

5    2021, the letter was returned with a notation that plaintiff was "not in jail." Dkt. 4 at 1.

6    Therefore, on November 10, 2021, the Court entered a minute order stating that, if plaintiff did

7    not provide the Court with his updated address by January 10, 2022, the Court would dismiss the

8    case for failure to prosecute. Dkt. 5. To date, plaintiff has not provided an updated address or

9    otherwise contacted the Court. So this case should be dismissed for failure to prosecute.

10

***IN FORMA PAUPERIS* ("IFP") STATUS ON APPEAL**

11    Plaintiff should not be granted IFP status for purposes of an appeal of this matter. IFP

12    status on appeal shall not be granted if the district court certifies "before or after the notice of

13    appeal is filed" "that the appeal is not taken in good faith[.]" *See* Fed. R. App. P. 24(a)(3)(A).

14    "The good faith requirement is satisfied if the petitioner seeks review of any issue that is not

15    frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (citation and internal quotation

16    marks omitted). Generally, an issue is not frivolous if it has an "arguable basis either in law or in

17    facts." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Because any appeal from this matter

18    would be frivolous, IFP status should not be granted for purposes of appeal.

19

**CONCLUSION**

20    In sum, it is recommended that this case be DISMISSED WITHOUT PREJUDICE for

21    failure to prosecute and CLOSED.

22    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

23    fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

24

REPORT AND RECOMMENDATION - 2

1    6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

2    review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those

3    objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*

4    *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012). Accommodating the time limit imposed by Rule

5    72(b), the Clerk is directed to set the matter for consideration on **January 28, 2022** as noted in

6    the caption.

7             Dated this 12th day of January, 2022.

8

9

10                                                  J. Richard Creatura
                                                    Chief United States Magistrate Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 3